IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLARD E. CROSS, # S-03375,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00620-SMY |
| | ) | |
| **M. ROGERS and DR. SHAH,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Clard Cross, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Nurse Rogers and Doctor Shah, two members of the medical staff at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that these defendants denied him adequate medical care for a serious cut to his hand on January 5, 2014 (Doc. 1, p. 5). He sues Nurse Rogers and Doctor Shah for exhibiting deliberate indifference to his medical needs, in violation of the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief (Doc. 1, p. 6).

This is the second action that Plaintiff has filed in this District to address this claim. *See also Cross v. Rogers, et al.*, Case No. 14-cv-00150-NJR-DGW (S.D. Ill. 2014). The first case was dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies prior to commencing the action (*Id.* at Docs. 34-35). Plaintiff maintains that he has now exhausted all available administrative remedies, and he wishes to proceed with his claim. As discussed in more detail below, the Eighth Amendment claim (**Count 1**) against Nurse Rogers shall receive further review, but the claim against Doctor Shah shall be dismissed without prejudice.

## The Complaint

Plaintiff was injured while working in Pinckneyville's dietary unit on January 5, 2014 (Doc. 1, p. 5). Although the complaint does not describe the cause of the injury, Plaintiff alleges that his hand was cut "to the bone . . . [leaving] white meat and tendons showing" (*Id.*). The food supervisor immediately sent Plaintiff to the health care unit ("HCU") for treatment.

Nurse Rogers examined and treated Plaintiff's injury (*Id.*). She indicated that the wound required stitches, but she could not perform the procedure. No one else was available. Instead of stitches, Nurse Rogers provided Plaintiff with a Band-Aid and gauze to place over the wound. She indicated that she would schedule Plaintiff to see a doctor the following day.

Plaintiff was not called back to the HCU for two days (*Id.*). On January 7, 2014, he met with Nurse Rector, who is not named as a defendant in this action. Nurse Rector informed Plaintiff that stitches were no longer an option; they were only recommended during the first 24 hours following an injury. Because Plaintiff did not receive them within that time frame, the treatment option was foreclosed to him.

Plaintiff claims that Nurse Rogers and Doctor Shah were aware of the severity of his injury and the need for treatment, yet failed to take steps to treat Plaintiff, either through negligence or deliberate indifference (*Id.*). Nurse Rogers examined the cut soon after it occurred. Both defendants signed Plaintiff's medical lay in sheet that excused him from his work assignment (Doc. 1, p. 12).

Plaintiff alleges that his pain and suffering were prolonged because of the defendants' inaction (Doc. 1, p. 5). His pain allegedly increased daily, as did his risk of infection. Plaintiff's injury also made it "extremely difficult" to perform normal daily tasks, such as showering, eating, and cleaning.

Plaintiff now sues Nurse Rogers and Doctor Shah for violating his rights under the Eighth Amendment (*Id.*). He seeks monetary damages (Doc. 1, p. 6). He also requests an Order prohibiting retaliation by the defendants or by anyone else at Pinckneyville. Finally, Plaintiff seeks proper medical care for the remainder of his incarceration.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## Discussion

Plaintiff's medical needs claim arises under the Eighth Amendment (**Count 1**). The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST., amend. VIII. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that the: (1) medical condition was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

A medical condition is objectively serious if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would recognize the necessity for a doctor's attention. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Factors that suggest the presence of a serious medical condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1364.

The complaint describes a medical condition that is objectively serious (Doc. 1, p. 5). Plaintiff alleges that his gaping wound required stitches and, absent such treatment, left him in pain and unable to perform basic tasks. The objective component of Plaintiff's Eighth Amendment claim is thus satisfied, for screening purposes, by the allegations in the complaint.

To satisfy the subjective component of an Eighth Amendment claim, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834).

The Eighth Amendment does not entitle a prisoner to "demand specific care" or "the best care possible;" it only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). And a defendant's inadvertent error, oversight, negligence, or ordinary malpractice is not actionable under Section 1983.

*See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (holding that a defendant can never be held liable under Section 1983 for negligence, or even gross negligence). With that said, "[d]elaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez*, 680 F.3d at 865 (internal citations and quotations omitted).

Construing the allegations in Plaintiff's complaint liberally as this Court is required to do, *see Haines v. Kerner*, 404 U.S. 519 (1987), the Court finds that Plaintiff has articulated a colorable federal cause of action against Nurse Rogers for exhibiting deliberate indifference to Plaintiff's medical needs, and this claim shall receive further review. Plaintiff alleges that Nurse Rogers was both negligent (which does not violate the Constitution), *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008), and deliberately indifferent to a known risk of serious harm at the time she failed to schedule Plaintiff for an appointment with a doctor, who could stitch his wound. Further factual development of this claim is necessary to determine whether Nurse Rogers knew of the risks Plaintiff faced and deliberately failed to take necessary steps for his treatment. **Count 1** shall proceed against Nurse Rogers.

However, the complaint fails to state any claim for relief against Doctor Shah. Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The complaint does not suggest that Doctor Shah actually knew about Plaintiff's condition or the need for treatment, and disregarded a known risk of harm to Plaintiff. To the contrary, Plaintiff alleges that Nurse Rogers never notified Doctor Shah about Plaintiff's need for stitches or failed to schedule him for an appointment with the doctor.

The fact that Doctor Shah authorized a medical lay in for Plaintiff from January 5-9, 2014, does not alter the Court's analysis (Doc. 1, p. 12). It is not clear when the form was signed, or by whom. Further, the form includes no information about the nature of Plaintiff's injury or the need for stitches. Without more, this form does not establish deliberate indifference on the part of Doctor Shah. Accordingly, **Count 1** shall be dismissed without prejudice against this defendant.

Finally, the Court notes that Plaintiff seeks injunctive relief against Pinckneyville officials, in the form of an order prohibiting them from retaliating against him and requiring them to provide him with medical care for the remainder of his incarceration (Doc. 1, p. 6). Plaintiff has transferred from Pinckneyville to Vandalia and is no longer under the care of the defendants. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Therefore, the Court will only consider this request for injunctive relief if Plaintiff can show a realistic possibility that he will again be incarcerated at Pinckneyville under the conditions described in the complaint. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

### Pending Motion

Plaintiff has filed a motion to appoint counsel (Doc. 6), which shall be **REFERRED** to a United States Magistrate Judge for further consideration.

### Disposition

**IT IS HEREBY ORDERED** that Defendant **SHAH** is **DISMISSED** from this action without prejudice based on the complaint's failure to state a claim against this defendant upon

which relief may be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANT ROGERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States

Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 6).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 27, 2015**

                                                    s/ STACI M. YANDLE
                                                    United States District Judge