UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARD E. CROSS,

    Plaintiff,

v.

M. ROGERS and DR. SHAH,

    Defendants.

Case No. 15-cv-620-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Clard E. Cross's objections (Doc. 52) to defendant Mary Rogers's bill of costs in the amount of $325.00 for deposition transcripts necessarily obtained for use in the case (Doc. 49). Cross argues that he is indigent and has no ability to pay and points to the prison trust fund statement submitted earlier in this case covering the period from December 16, 2014, to June 12, 2015, showing an available balance of $165.39 (Doc. 7). Cross also argues he that he brought this lawsuit in good faith, although he did not prevail.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Objections may be filed within 14 days of the Clerk's notice. Local Rule 54.2. Costs allowed to be taxed are set forth in 28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

A reduction or denial of costs may be appropriate where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding

whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

The Court has reviewed Cross's inmate trust fund statement and information from the Illinois Department of Corrections website indicating Cross was admitted to parole in June 2017 and is projected to be discharged from parole in June 2020. *See* http://www.illinois.gov/idoc/Offender/ Pages/InmateSearch.aspx (search by name for Cross, then select "Cross, Clard E."). This review indicates that from December 16, 2014, to June 12, 2015, Cross earned approximately $283.00 and received approximately $395.00 in gifts from people outside the prison. He also spent more than $166.00 at the commissary and minimal amounts for postage and medical copays. He transferred approximately $500.00 to individuals outside the prison. However, the Court finds this information sheds little light on Cross's current financial situation in light of the fact that he is no longer incarcerated. Unlike when he was in prison, he now must pay for his food, shelter, transportation and other living expenses, but he may also get a job that pays substantially more than a job in prison. The Court notes that Cross likely faces financial challenges in his attempt to adjust to life and work outside prison after being incarcerated for nearly six years. In light of such obstacles, the Court finds Cross is indigent and is unable to

pay the full $325.00 at the present time, although he will be able to pay *some costs* without undue hardship in the near future now that he has been released from prison.

The Court further notes that this action was not frivolous and involved important constitutional rights under the Eighth Amendments regarding adequate medical care in prison. The Court believes Cross's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay the defendant's costs.

For these reasons, the Court **OVERRULES** Cross's objection to costs (Doc. 52) but will reduce the amount of costs to $150.00. This amount represents the approximate amount Cross would earn for one hour of work per month for a year and a half at a minimum wage job (1 hour x 18 months x $8.25 per hour = $148.50), a reasonable and realistic amount for a newly released prisoner to pay. Therefore, the Court **ORDERS** an award of costs in the total amount of $150.00 to defendant Mary Rogers.

**IT IS SO ORDERED.**
**DATED: February 12, 2018**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**